Nicholas Emery & others *vs.* Isaac Osgood.

A verdict in a real action in this form, " The jury find for the plaintiff and assess the damage in the sum of        dollars," is sufficient.

It is within the discretion of the court, after a verdict for the demandants in a real action, to allow an amendment by striking out the name of one of the demandants who, with her husband, is named as claiming a share of the premises in her right, but who in fact died before the date of the writ, and by inserting a claim by the husband to hold her share as tenant by the curtesy.

The death of one of the persons named as demandants before the date of the writ is no cause for an arrest of judgment, since *St.* 1852, *c.* 312, § 22.

Writ of entry wherein Nicholas Emery and Ann T. Emery, his wife, and Charles S. Davies and Elizabeth T. Davies, his wife, claimed two undivided third parts of the premises in the right of the said Ann and Elizabeth, and other co-demandants claimed the other third. Upon the trial in this court the jury found a verdict in the words following: " The jury find for the plaintiff and assess the damage in the sum of        dollars." After verdict it became known for the first time to the tenant and to the demandants' counsel, that Ann T. Emery had died before the date of the writ, and, this fact having been made to appear of record by agreement, the tenant filed a motion in arrest of judgment, assigning as causes the death of Mrs. Emery and the form of the verdict. The demandants' counsel thereupon moved to amend the declaration by striking out the name of Ann T. Emery, ana alleging a seisin of one undivided third of the premises in said Nicholas, as tenant by the curtesy, and of one undivided third in Charles S. Davies and Elizabeth T. Davies, in her right, in fee; and *Merrick*, J., allowed the motion to amend, and overruled the motion in arrest of judgment; and the tenant alleged exceptions.

*E. Ripley,* for the tenant.

*L. Marrett,* for the demandants.

DEWEY, J.    As a motion in arrest of judgment, as to all matters existing before verdict, such motion cannot avail the defendant.    *St.* 1852, *c.* 312, § 22.    As to the objection to the verdict itself, by reason of the form in which it was rendered we do not think it tenable.    It is similar to the form that had been specially provided as to personal actions, and in practice has, we believe, been adopted in common with the more technical form in writs of entry, " that the tenant has disseised," &c.

The amendments allowed by the court were well authorized by our statutes as to amendments, and are within the liberal provisions of *St.* 1852, *c.* 312, § 32, and now confirmed by Gen. Sts. *c.* 129, § 41.    These provisions allow amendments in sub stance materially changing the parties and the form of the pleadings.    They are to be made by leave of the court, who, it is to be assumed, will fully protect the just claims of all parties and allow no amendments that will injuriously affect their proper rights, and in reference to such amendments will so regulate the terms thereof as to preclude all injustice.

We perceive no legal ground for sustaining the exceptions taken in the present case.        *Exceptions overruled.*